Rose Florence MAY, Appellant,

v.

FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Appellee.

In the Matter of Rose Florence MAY, Bankrupt.

No. 6618.

United States Court of Appeals. Tenth Circuit.

June 23, 1961.

Rehearing Denied July 17, 1961.

Bentley M. McMullin, Denver, Colo., for appellant.

John R. Hickisch, Denver, Colo. (Weller, Friedrich & Hickisch, Denver, Colo., with him on the brief) for appellee.

Before BRATTON, LEWIS, and BREITENSTEIN, Circuit Judges.

BRATTON, Circuit Judge.

This appeal brings here for review an order entered in a proceeding in bankruptcy.

Rose Florence May, hereinafter referred to as the bankrupt, filed a voluntary petition in bankruptcy and an order of adjudication was entered. Fidelity and Deposit Company of Maryland, hereinafter referred to as Fidelity, was a creditor. On November 4, 1959, the first meeting of creditors was held at which Fidelity examined the bankrupt. On November 10, Fidelity filed its petition for leave to continue a suit then pending in the state court in which Fidelity was plaintiff and the bankrupt—together with her

husband—was defendant, and for an order delaying the granting of a discharge until the question of the exemption of the homestead of the bankrupt was determined in such suit. It was pleaded in the petition that in the bankruptcy proceeding the bankrupt was claiming the homestead as exempt while the action in the state court involved an indemnity agreement in which she had waived such exemption. And it was further pleaded that unless Fidelity was allowed to proceed in the state court and perfect its lien against the homestead, it would be denied its equitable rights based upon the waiver contained in the indemnity agreement. On February 25, 1960, an order was entered fixing March 25 as the last day for the filing of objections to the discharge of the bankrupt. On March 14, an order was entered denying the petition of Fidelity. On March 28, Fidelity filed a petition for the reconsideration of such denial. On March 29, an order was entered reciting that the petition for reconsideration had been filed and extending the time within which Fidelity might file a petition for review of the order of March 14 denying the original petition for leave to continue the action in the state court and withholding the issuance of the discharge to the fifteenth day following determination of the petition for reconsideration, if such determination were adverse to Fidelity. Review was not sought of the order of the referee entered on March 14. Neither was disposition made of the petition for reconsideration of the question of granting leave to continue the prosecution of such action and delaying of the issuance of the discharge. On March 31, the petition for reconsideration was on file. No action had been taken thereon; and on that date an order of discharge was entered. On April 14, the referee entered an order vacating and setting aside the order of discharge. It was recited in the order that the order of discharge had been entered prematurely, inadvertently, and in error. The bankrupt petitioned for review of the order of the referee vacating and setting aside the order of dis-charge. In certifying the facts to the court, it was stated in the certificate of the referee that the attorney for the bankrupt requested the chief clerk in the office of the referee to initiate the issuance of the discharge; that the chief clerk ascertained that no formal objections to the issuance of the discharge had been filed; that the chief clerk prepared the order of discharge; that the referee signed it without having in mind at the time that the petition for reconsideration was on file with no disposition having been made of it; and that upon discovering such facts, the referee on his own motion entered the order vacating and setting aside the order of discharge. The district court affirmed the order of the referee vacating and setting aside the order of discharge, and the bankrupt appealed. After the appeal had been perfected, this court entered an order staying further proceedings in the action in the state court to await disposition of this appeal.

■ The order vacating and setting aside the order of discharge is challenged on the ground that no formal objections were filed to the granting of the discharge within the time fixed for that purpose; that upon the expiration of such time, the right of the bankrupt to the discharge became vested and absolute; and that the referee was powerless thereafter to set aside the order of discharge. The cardinal purposes of the Bankruptcy Act are to bring about a ratable distribution of the property of the bankrupt among his creditors holding just demands; to protect the creditors from one another; and to release the honest bankrupt from further obligation to such creditors. Wilson v. City Bank, 17 Wall. 473, 21 L.Ed. 723; Kothe v. R. C. Taylor Trust, 280 U.S. 224, 50 S.Ct. 142, 74 L.Ed. 382; Maynard v. Elliott, 283 U.S. 273, 51 S.Ct. 390, 75 L.Ed. 1028; Kuehner v. Irving Trust Co., 299 U.S. 445, 57 S.Ct. 298, 81 L.Ed. 340; Young v. Higbee Co., 324 U.S. 204, 65 S.Ct. 594, 89 L.Ed. 890; Small Business Administration v. McClellan, 10 Cir., 272 F.2d

143, reversed on another ground 364 U.S. 446, 81 S.Ct. 191, 5 L.Ed.2d 200.

A bankruptcy court is a court of equity; and in the absence of a controlling provision in the Act, the court is guided by equitable principles and doctrines. Securities and Exchange Commission v. United States Realty & Improvement Co., 310 U.S. 434, 455, 60 S. Ct. 1044, 84 L.Ed. 1293; Continental Motors Corp. v. Morris, 10 Cir., 169 F.2d 315; Central States Corp. v. Luther, 10 Cir., 215 F.2d 38, certiorari denied 348 U.S. 951, 75 S.Ct. 438, 99 L.Ed. 743; Luther v. United States, 10 Cir., 225 F.2d 495, certiorari denied 350 U.S. 947, 76 S.Ct. 321, 100 L.Ed. 825; Rader v. Boyd, 10 Cir., 252 F.2d 585; Fidelity & Deposit Co. of Md. v. Fitzgerald, 10 Cir., 272 F.2d 121, certiorari denied 362 U.S. 919, 80 S.Ct. 669, 4 L.Ed.2d 738.

Section 14, sub. b of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. b, provides in presently pertinent part that after the bankrupt shall have been examined, the court shall make an order fixing the time for the filing of objections to the discharge of the bankrupt; that notice thereof shall be given to all parties in interest; and that upon the expiration of the time fixed in such order, or any extension thereof, the court shall discharge the bankrupt if no objection has been filed. But section 38(4) of the Act, 11 U.S.C.A. § 66(4), expressly vests in the referee jurisdiction to revoke discharges. The two sections must be considered together. And when considered in that manner, it is clear that the right of the bankrupt to a discharge when no objection thereto was filed within the time fixed by the order of the referee was not absolute. The right was subject to the power of the referee for good cause shown to revoke the discharge.

The substance of the further contention is that even though it should be held that the referee was clothed with jurisdiction to set aside and vacate the order of discharge, he abused his discretion in doing so. The argument is that the suit in the state court cannot possibly reach the homestead of the bankrupt for the reason that under the laws of Colorado the waiver of a statutory right of exemption in advance of the time when it might be asserted is against public policy. The validity of the waiver of the homestead exemption was in issue in the case pending in the state court at the time of the initiation of this proceeding in bankruptcy. And it was well within the range of discretion of the referee to delay the issuance of the discharge until the validity of such waiver was judicially determined in that case.

The order of this court staying the proceeding in the state court is vacated, and the order of the district court affirming the order of the referee vacating and setting aside the discharge is affirmed.