Joseph P. **LEWIS** and William C. Murray, Jr., as partners under name and style of Lewis and Murray; and Bentley M. McMullin, Appellants,

v.

Thomas J. **FITZGERALD**, Trustee in Bankruptcy, Appellee.

No. 6756.

United States Court of Appeals Tenth Circuit.

Oct. 21, 1961.

Rehearing Denied Nov. 30, 1961.

---

Bentley M. McMullin, Denver, Colo., for appellants.

John W. Low, Denver, Colo., for appellee.

Before BRATTON, PICKETT and HILL, Circuit Judges.

BRATTON, Circuit Judge.

The appeal in this voluntary proceeding in bankruptcy presents for determination the question whether attorneys for the bankrupt are entitled to compensation out of the bankrupt estate for services rendered to the bankrupt in resisting objections to the granting of a discharge. The trial court decided the question in the negative.

Historically, one of the basic purposes of the bankruptcy law is to bring about a ratable distribution of the property of the bankrupt among his creditors holding just demands; to protect the creditors from one another; and to release the honest bankrupt from further obligation to such creditors. May v. Fidelity and Deposit Company of Maryland, 10 Cir., 292 F.2d 259. In harmony with that cardinal purpose, section 64, sub. a of the Bankruptcy Act, as amended, 11 U.S.C.A., § 104, sub. a, fixes the priority of debts and authorizes their payment out of the bankrupt estate before payment of dividends to creditors. The statute expressly authorizes payment of actual and necessary costs and expenses of preserving the estate subsequent to the filing of the petition, including as an expense of administration one reasonable attorney's fee for the professional services actually rendered, irrespective of the number of attorneys employed, to the bankrupt in voluntary and involuntary cases. Under the plain terms of the statute only one attorney's fee may be allowed as compensation for services rendered to the bankrupt. And it is to compensate for pro-

fessional services rendered in connection with the preservation of the estate. The granting or denial of a discharge is personal to the bankrupt. It has nothing to do with the preservation of the estate. And therefore professional services of an attorney in representing the bankrupt in resisting objections to the granting of a discharge are not services which are compensable out of the bankrupt estate. In re Rothman, 2 Cir., 85 F.2d 51, 106 A.L.R. 1408.

Appellants seek to distinguish the Rothman case from this one on two grounds. One is a difference between the statute then in effect relating to the payment of attorney's fee, and the statute now in effect. While there are some textual differences between the language contained in the statute, then and now, both contemplate limiting attorney's fees for representing a bankrupt to services rendered in furthering the preservation of the bankrupt estate. The other attempted distinction is that under the statute as it existed at the time the Rothman case was decided the discharge proceeding constituted a collateral issue between the bankrupt and his creditors while under the present statute no collateral issue is presented in a discharge proceeding. The court in the Rothman case did state that the discharge proceeding remained a collateral issue, personal between the bankrupt and the creditors. Whether a contest between the bankrupt and his creditors relating to the granting or denial of a discharge be denominated or treated as presenting a collateral issue, as constituting a collateral proceeding, or otherwise, such proceeding is unrelated to the preservation of the bankrupt estate and therefore professional services rendered to the bankrupt in resisting objections to the granting of a discharge are not compensable services within the intent and meaning of section 64, sub. a, supra.

In addition to seeking compensation for professional services rendered to the bankrupt in resisting objections to the granting of the discharge, the attorneys sought reimbursement out of the bankrupt estate for $45 which they advanced for the bankrupt as docket fee. Section 64, sub. a, supra, expressly authorizes payment out of the bankrupt estate of filing fees paid by persons other than the bankrupt in a voluntary case. Since the attorneys advanced for the bankrupt the filing fee, they are entitled to be reimbursed therefor out of the estate.

The attorneys also seek reimbursement in the sum of $51.15 for sums paid for recorder's fee and for transcripts of proceedings. We fail to find any statutory authority for reimbursement of such expenditures.

The order denying the petition of the bankrupt and the attorneys is modified to the extent of allowing reimbursement for $45 advanced in payment of the filing fee; and as modified, the order is affirmed.