**Rose Florence MAY, Appellant,**

v.

**FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Appellee.**

**No. 7048.**

United States Court of Appeals
Tenth Circuit.

Dec. 7, 1962.

Rehearing Denied Jan. 16, 1963.

Bentley M. McMullin, Denver, Colo., for appellant.

John R. Hickisch, Denver, Colo., (Weller, Friedrich & Hickisch, H. Gayle Weller, and W. Robert Ward, Denver, Colo., were with him on the brief), for appellee.

Before LEWIS, BREITENSTEIN and SETH, Circuit Judges.

SETH, Circuit Judge.

This is an appeal from an order entered by the United States District Court for the District of Colorado which, with some slight modifications, affirmed an order entered by the referee in bankruptcy granting relief to the appellee to continue a suit against the bankrupt

in the state court and withholding discharge pending a determination of appellee's rights in such state action.

The appellant was adjudged a bankrupt upon her voluntary petition and in the proceedings she claimed a homestead exemption on a certain residence located in the city of Denver. After hearings, the homestead exemption was allowed. In the meantime, the appellee had appeared and had filed a petition for leave to continue its suit which was then pending in the state court against the appellant and based upon an indemnity agreement which the bankrupt and her husband had executed. The appellee in such action seeks an in personam judgment against Mrs. May, and contends that the homestead exemption had been waived by the indemnity agreement. The bonding company also requested that the appellant's discharge be withheld pending the disposition of the state proceedings. The referee signed Mrs. May's discharge but thereafter entered an order setting aside such discharge, and upon review of this court (May v. Fidelity & Deposit Co. of Maryland, 292 F.2d 259), the referee's order setting aside the discharge was affirmed. Thereafter the referee heard appellee in a reconsideration of its petition to pursue the suit in the state court and to withhold discharge. The referee entered an order dated January 8, 1962, which granted the bonding company's petition, and thereafter the appellant petitioned the United States District Court for the District of Colorado for a review of the order. A review was had, and the district court affirmed the order of January 8, 1962, as entered by the referee, but modified it in some slight particulars not pertinent to this appeal.

The referee and the trial court held that the question as to whether the bonding company had any claim against the appellant in an in personam action or whether there had been a waiver of the right of homestead exemption was a matter to be determined by the state courts. Both concluded that the questions presented were answered by the decision of the United States Supreme Court in Lockwood v. Exchange Bank of Fort Valley, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061.

The questions raised on this appeal are whether there was error in granting appellee leave to continue its proceedings in the state court and whether it was error to withhold the discharge of the appellant pending the conclusion of the state proceedings.

■ The exemption claimed by the appellant for her homestead was allowed by the bankruptcy court, and the appellee in the bankruptcy proceeding made no claim that it then had a lien against the exempted property. Under the Colorado law, it is necessary that the insurance company recover an in personam judgment against Mrs. May before they attempt to enforce this judgment against her interest in the property upon which the homestead is claimed. In the proceedings to enforce the judgment, there must necessarily be decided a question of whether or not the homestead exemption had been waived in the indemnity agreement. The bankruptcy court, once it allowed the homestead exemption, had no further jurisdiction over the exempt property. By its act of allowing the exemption, it held that this property was not a part of the bankrupt estate. Any claims of creditors to an interest in such exempt estate are wholly outside the bankruptcy proceedings and are to be pursued in a court of competent jurisdiction. It was so held in Lockwood v. Exchange Bank of Fort Valley, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061; Stein v. Bostian, 133 F.2d 586 (8th Cir.).

■ As was stated in May v. Fidelity & Deposit Co. of Maryland, 292 F.2d 259 (10th Cir.): "And it was well within the range of discretion of the referee to delay the issuance of the discharge until the validity of such waiver was judicially determined in that case."

Affirmed.