**In re Rex R. MOORE, Jr., Debtor.**

**Bankruptcy No. 85–1813–A.**

United States Bankruptcy Court, W.D. Oklahoma.

Jan. 28, 1986.

Thomas J. Kenan, Kenan & Peterson, Oklahoma City, Okl., for debtor.

Robert C. Bailey of McClelland, Collins, Bailey, Bailey & Manchester, Oklahoma City, Okl., for Trustee.

Douglas Perry of Williams, Luttrell, Boren & Perry, Oklahoma City, Okl., for United Bank of Oklahoma.

RICHARD L. BOHANON, Bankruptcy Judge.

The debtor's attorney has made application for allowance of fees and expenses as a professional person employed pursuant to 11 U.S.C. § 327 (1979 & Supp.1985). Objections have been filed by the trustee and another creditor to those portions of the application which reflect services performed for the personal benefit of the debtor, not the estate. A hearing was held pursuant to 11 U.S.C. § 330 (Supp.1985).

At the time the attorney accepted employment, the debtor faced a precarious and uncertain future. The debtor was in the hospital recovering from burns received in a fire which consumed his residence, and was incarcerated facing criminal charges with regard to the fire and the death of his wife. He was also an interested party concerning the probate of his wife's estate. As a result, the debtor was almost exclusively dependent on his counsel to protect his legal rights regarding all of these matters.

In general, on an application for compensation from the estate, there is no difference between the standards to be applied in reorganization and liquidation cases. *See* 11 U.S.C. § 330 (Supp.1985). In this case debtor's attorney has met the requirements of Rule 2016 of the Federal Rules of Bankruptcy Procedure which provides that a person seeking compensation must file an application setting forth a detailed statement of services rendered, time expended, expenses incurred and amounts requested

from the estate. *In re Wilson Foods Corp.*, 36 B.R. 317 (Bankr.W.D.Okla.1984). Furthermore, notice has been provided pursuant to Rule 2002(a)(7) of the Federal Rules of Bankruptcy Procedure.

Title 11 U.S.C. § 330(a)(1), (2) (Supp. 1985) provides that the court may award "to a professional person employed under section 327 ... reasonable compensation for actual, necessary services rendered ..." and "reimbursement for actual, necessary expenses." Compensation and expenses are awarded for aid in the administration of the estate. 2 *Collier on Bankruptcy* ¶¶ 330.05, 330.06 (15th ed. 1985). Accordingly, legal services for the personal benefit of the debtor may not be compensable out of the estate. *Matter of Jones*, 665 F.2d 60 (5th Cir.1982); *Matter of Zweig*, 35 B.R. 37 (Bankr.N.D.Ga.1983); *In re Rosen*, 25 B.R. 81 (Bankr.D.S.C.1982).

Through the efforts of his counsel, the debtor received adequate representation concerning the criminal charges and probate matters. However, the work performed by debtor's counsel with regard to these non-bankruptcy matters was work which produced no benefit to the estate. Moreover, even within the context of a bankruptcy case, services by debtor's attorney concerning an objection to discharge or a complaint to determine dischargeability of a debt have been held to be personal in nature and not compensable out of the estate. *See Lewis v. Fitzgerald*, 295 F.2d 877 (10th Cir.1961) *cert. denied*, 369 U.S. 828, 82 S.Ct. 845, 7 L.Ed.2d 793 (1962).

We hold, therefore, that compensation to professional persons employed by the debtor are only compensable to the extent that the services performed and expenses incurred produced or are reasonably calculated to produce benefit to the estate or were rendered in connection with the administration of the estate.

We find that the expenses incurred by the debtor's attorney are fully reimbursable from the estate. The services performed by debtor's attorney have been reduced to reflect those services which pro-

duced or were reasonably calculated to produce a benefit for this estate and he is allowed $14,577.50 for attorney fees and $494.25 for reimbursement of expenses.