**In re Barry KAPLAN d/b/a Kaplan's Bakery, Debtor.**

**Bankruptcy No. 8400619.**

United States Bankruptcy Court, D. Rhode Island.

March 14, 1986.

David L. Yavner, Pearlman & Vogel, Providence, R.I., for debtor.

John Boyajian, Boyajian, Coleman & Harrington, Providence, R.I., trustee.

ORDER SETTING FEES AND
APPORTIONING LIABILITY
THEREFOR

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on the supplemental application for compensation filed by debtor's counsel, David Yavner, Esq., of the firm of Pearlman & Vogel, wherein Mr. Yavner requests attorneys' fees in the amount of $8,032.50.

Although the time expended (94.5 hours), and the hourly rate charged ($85.00) are reasonable, we find that, at most, 30% of the services for which compensation is sought were rendered on behalf of the estate, and that the balance of said services were performed for and inured to the benefit of Barry Kaplan, personally. To reiterate, counsel has been very diligent and effective in his handling of this case, and he has rendered services worth at least the amount requested. It is equally clear, however, that most of Mr. Yavner's effort was of benefit only to Mr. Kaplan, whose interests were, in all respects, adverse to that of creditors.[1] *See* 11 U.S.C. § 330. *See also In re Zweig,* 35 B.R. 37 (Bankr.N.

---

**1.** Debtor's counsel and the trustee agreed at the hearing that general creditors would not receive a dividend.

D.Ga.1983) (debtor's attorney entitled to compensation from estate for work performed which produced benefit to estate, but not for items which were of a more personal nature to debtor).

Accordingly, the application is allowed in the amount of $8,032.50, of which $2,409.75 is payable out of this estate. The balance of $5,622.75 is owed by Mr. Kaplan to Mr. Yavner.