**In the Matter of PONTIAC HOTEL ASSOCIATES, Debtor.**

**No. 87–CV–74369–DT.**

United States District Court, E.D. Michigan, S.D.

Aug. 30, 1988.

Sheldon S. Toll, Honigman Miller Schwartz and Cohn, Detroit, Mich., for appellant.

## MEMORANDUM OPINION
## AND ORDER

WOODS, District Judge.

This is an appeal from an Order on final fee application of Honigman Miller Schwartz and Cohn (Honigman), entered November 27, 1987. Honigman appeals the bankruptcy court's disallowance of approximately $2,688.00 in reimbursement for out-of-pocket expenses, and the court's imposition on Honigman of the costs of preparing the attorney fee application.

In a memorandum from the bankruptcy court to Honigman, the court laid out its requirements for a fee application, stating that the fee application must be specific. The court's memorandum listed examples of the type of itemization required for reimbursement for telephone calls, xeroxing, and mileage, and stated that all other requests for disbursements were to follow the format listed in the examples. The bankruptcy court directed that Honigman bear the burden for the costs associated with compiling the data required by the fee application.

Honigman argues that the itemization required by the bankruptcy court is too extensive and unduly burdensome. Honigman believes that the court erroneously required Honigman to follow the guidelines of a proposed, but never adopted, amendment to a local rule of bankruptcy court, Rule 142, in that the court's memorandum tracks some of the language of that proposed amendment. Therefore, Honigman failed to detail its expenses in accordance with the bankruptcy court's requirements, and the court accordingly denied those expenses.

■ Bankruptcy judges may award compensation to a debtor's attorney pursuant to 11 U.S.C. § 330. This statute was designed to ensure that bankruptcy counsel would command fees comparable to non-bankruptcy counsel, and thus that competent professionals would be attracted to the bankruptcy field. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 329–30 (1977), U.S. Code Cong. & Admin.News 1978, p. 5787. Bankruptcy judges have wide discretion, however, in fixing the amount of attorney fees to be awarded in proceedings before them. *In re U.S. Golf Corp.,* 639 F.2d 1197 (5th Cir.1981); *In re Humbert,* 39 B.R. 643 (N.D.Ohio 1984); *In re Terex Corp.,* 70 B.R. 996 (Bkrtcy.N.D.Ohio 1987). The district court will reverse such an award on appeal only if the bankruptcy judge abused his discretion by failing to apply the proper legal standard or procedures, or by basing an award upon findings of fact which are clearly erroneous.

■ Moreover, it is important that requests for fees be carefully itemized in order that the bankruptcy court may eliminate excessive charges, or wasteful services and expenditures of professional time. *In re Liberal Market, Inc.,* 24 B.R. 653 (Bkrtcy.S.D.Ohio 1982). "Meticulous, contemporaneous and specific time records must be kept." *In re Seneca Oil Co.,* 65 B.R. 902 (Bkrtcy.W.D.Okla.1986). Rule 142 of the Local Rules of the Bankruptcy Court also recognizes the need for such detail, stating that "[a]ll expenses for which reimbursement is sought shall be disclosed in detail, and shall be accompanied by a statement of the necessity of each such expense." Local Rules of the United States Bankruptcy Court (E.D. Mich.), Rule 142(a)(2)(E).

■ While the proposed amendment to Local Rule 142, requiring certain information regarding telephone calls, xeroxing, and mileage to be itemized, ultimately was not adopted, it is within the discretion of the bankruptcy judge to use the proposed rule's language as a model for the type of itemization that is required by the court. The bankruptcy judge's memorandum to Honigman in this case stated that the application for reimbursement must be specific, using telephone calls, xeroxing, and mileage as examples of the format required in all disbursement requests. The court's memorandum did not track the proposed rule exactly, but merely used the proposed rule as a model. Given the acknowledged need for detailed itemization, and the wide latitude allowed a bankruptcy judge in determining a fee award, we find that there was no abuse of discretion in requesting

such itemization. The bankruptcy judge's requirements were clear and understandable, and Honigman failed to comply with them. Under such circumstances, it is not an abuse of discretion to disallow the expenses not properly itemized.

 However, we believe that the bankruptcy court erred in its decision to impose upon Honigman the costs of preparing the fee application. The compensability of time spent preparing and prosecuting fee applications is an issue which has divided the courts; indeed, there is disagreement on the issue between various bankruptcy courts within this circuit. *Compare In re Mansfield Tire & Rubber Co.*, 65 B.R. 446 (Bkrtcy.N.D.Ohio 1986) *with In re Union Cartage Co.*, 56 B.R. 174 (Bkrtcy.N.D.Ohio 1986), and *In re Tolan*, 41 B.R. 751 (Bkrtcy.M.D.Tenn.1984).

A thorough and persuasive analysis of the issue is found in *In re Nucorp Energy, Inc.*, 764 F.2d 655 (9th Cir.1985). In that case, the Ninth Circuit held that preparing a fee application constitutes actual and necessary services compensable under the Bankruptcy Code. The court reasoned that bankruptcy judges consistently require debtors' counsel to maintain "meticulously accurate time records of all services rendered," *id.* at 658, and that it would be "fundamentally inequitable to impose substantial requirements on bankruptcy counsel as prerequisites to their obtaining compensation while simultaneously denying compensation for the efforts necessary to comply with those requirements." *Id.* at 659.

The Ninth Circuit reasoned that the intent behind 11 U.S.C. § 330 was to provide compensation for an attorney at the same rate as that attorney would be compensated for performing comparable services in non-bankruptcy cases. The court then found that the closest parallel to fee applications in bankruptcy cases was the time attorneys spend in other fee cases in which attorney fees are awarded by the court.

Following this analysis in the instant case, we turn to *Coulter v. State of Tennessee*, 805 F.2d 146 (6th Cir.1986). In *Coulter*, the Sixth Circuit held that the

"time spent in preparing, presenting, and trying attorney fee applications is compensable [but] some guidelines and limitations must be placed on the size of these fees." *In re Tolan, supra*, is in accord, cautioning that compensation is appropriate in a fee application bankruptcy case, but only for a reasonable number of hours spent in preparing that application. We agree with this analysis, and hold that Honigman is entitled to reasonable compensation for the time spent preparing its fee application in accordance with the bankruptcy court's requirements.

Accordingly, we reverse that portion of the bankruptcy court's order imposing upon Honigman the costs of preparing the fee application, and remand for further determination as to the reasonable amount due to Honigman for such preparation.

The Bankruptcy Court's Order is AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further findings consistent with this Opinion.

So ordered.