**In re Irving WAXMAN, Debtor.**

**Bankruptcy No. 889–90608–478.**

United States Bankruptcy Court,
E.D. New York.

Dec. 17, 1992.

See also 128 B.R. 49.

Kroll & Blachor, by Isaac Blachor, Garden City, NY, for debtor.

Marilyn Frier, Woodmere, NY, trustee.

James P. Miller, pro se.

## DECISION REGARDING CHAPTER 7 DEBTOR'S ATTORNEY'S FEES

DOROTHY EISENBERG, Bankruptcy Judge.

Irving Waxman, (the "Debtor"), filed a voluntary Chapter 7 Petition on May 2, 1989, shortly after a creditor had obtained an arbitration award against the Debtor in an amount in excess of $500,000.00, but before a judgment on the award was en-

tered. This award was the result of extensive pre-petition litigation between the parties and was the apparent reason for the filing of the Debtor's Chapter 7 petition. The Debtor was and is a stockbroker and the creditor had been his client. Besides this creditor, there were only a few additional minimal creditors listed in the Debtor's schedules, all of whom appear to have been creditors as a result of the Debtor's litigation with this creditor. Their debts represent bills remaining unpaid by the Debtor.

The Debtor retained and paid Isaac Blachor, Esq. the sum of $1,500.00 pre-petition for "analysis of the pending litigation arising out of an adverse arbitration decision in California" and the preparation and filing of the schedules and representing him at the meeting of creditors in the bankruptcy case.

Shortly after the petition was filed, James P. Miller ("Miller" or "Creditor"), who lived in California, retained New York bankruptcy counsel who commenced an adversary proceeding against the Debtor to have his debt deemed non-dischargeable pursuant to Section 523 of the Bankruptcy Code, and to deny the Debtor a discharge pursuant to Section 727 of the Bankruptcy Code.

Debtor's bankruptcy counsel submitted an application and order to be retained on behalf of the Debtor. This Order was signed by the Court on October 31, 1990 without having any knowledge or information as to the particulars pertinent to this case. The Debtor's counsel ("Blachor") now requests payment from this Debtor's Estate of fees for his post-petition services provided to the Debtor. For the reasons set forth below, counsel's request is DENIED as to any fees incurred in representing the Debtor in the Debtor's defense of his non-dischargeability action and allowed in the amount of $2,500.00 as a reasonable fee for his legal services which resulted in a benefit to this Estate.

## BACKGROUND

Following the filing of the Debtor's petition, Miller, the major creditor of this Estate, brought an adversary proceeding seeking a determination as to the Debtor's discharge and dischargeability under Sections 727(a)(5) and 525(a) of the Bankruptcy Code. The adversary proceeding against the Debtor alleged fraud, willful and malicious injury, estoppel and an alleged failure by the Debtor to explain satisfactorily the loss of the Debtor's assets in excess of his liabilities. The adversary proceeding was based on an arbitrator's award of approximately $517,000.00 granted to Miller in regard to Miller's relationship with the Debtor as a client and stockbroker. Unfortunately, the arbitration award merely awarded a sum of money and neither stated the basis therefor, nor clearly spelled out a finding of fraud as against the Debtor. It was apparent at the outset that the Debtor would be faced with an adversary proceeding in regard to the dischargeability of this debt.

Blachor submitted an ex-parte application for an order of retention to the Court which was signed by the Court on October 31, 1990, effective as of August 2, 1989, authorizing Blachor to represent the Debtor in the adversary proceeding commenced by Miller, and authorizing Blachor, "to render such other legal services as may be necessary in the administration of this Estate."

It is not disputed that the Court was made aware of the fact that Blachor intended to apply for an allowance for counsel fees from the Estate. However, the Court could not possibly determine at the time the application was made whether such fees would be appropriate, or whether any benefit to the Estate would result therefrom, as opposed to providing the Debtor with the sole benefit. In hindsight, perhaps signing the Order retaining counsel to represent the Chapter 7 Debtor was improvident in light of the developments thereafter.

During the course of the proceeding, Miller's counsel requested that he be relieved as counsel for failure to receive additional funds to pay for his legal fees in conjunction with representing the creditor in this case. Miller's counsel was relieved and the

Creditor was permitted to obtain new counsel within a reasonable period of time. When the Creditor was unable to retain new counsel or proceed *pro se*, the discharge and dischargeability claims were dismissed solely for failure of prosecution by the Creditor. There was *no showing* or finding of an unjust claim having been filed by Miller against the Debtor, there was merely a dismissal of the adversary proceeding for lack of prosecution.

The Debtor's counsel, Blachor, did provide the Debtor with substantial legal services aside from the Debtor's defense of the non-dischargeability action in order to preserve assets of the Debtor for the Debtor. The Creditor had objected to the Chapter 7 trustee's proposed sale of the interest in the Debtor's marital residence, and a *"Persky"* type hearing had to be held to determine whether the detriment of the non-filing spouse outweighed the benefit to the Estate. *In re Persky*, 893 F.2d 15 (2d Cir.1989). Although the trustee argued on behalf of the trustee's recommendation to accept the offer from the Debtor's spouse for the trustee's interest in the Debtor's home, it was the Debtor's counsel who conducted the evidentiary hearing and who submitted briefs and memoranda of law in support of the Trustee's proposed sale to the Debtor's spouse for $8,000.00. After the hearing a decision was made by this Court in regard to the objection raised by the Creditor and the Court approved the sale as proposed, enabling the Debtor and his wife to retain possession of their marital residence.

Blachor now requests payment from the total assets collected by the trustee for the Debtor's Estate. Blachor is claiming legal fees and disbursements in the sum of $28,-446.00 pursuant to Section 330 of the Bankruptcy Code which represents services provided on behalf of the Debtor for the entire post-petition case. The trustee is holding the sum of approximately $44,000.00 for distribution from the collection of assets in this Debtor's Estate.

## DISCUSSION

Section 330 of the Bankruptcy Code, Compensation of Officers, states in pertinent part:

[T]he court *may* award to ... the debtor's attorney reasonable compensation for actual, necessary services rendered by such ... attorney ... based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title....

11 U.S.C. section 330 (1992) (emphasis added).

Bankruptcy judges have wide discretion in fixing the amount of attorney fees to be awarded in proceedings before them. *In re Pontiac Hotel Associates*, 92 B.R. 715, 716 (E.D.Mich.1988). Requesting and receiving authorization from the Court to represent a debtor does not automatically guarantee the attorney that he or she will be paid from the estate for such services. *In re Maller Restaurant Corp.*, 57 B.R. 72, 74 (Bankr.E.D.N.Y.1985). In fact, counsel for a debtor under Chapter 7 should have no reasonable expectation that funds of the estate will be available for payment of debtor's obligations arising from legal services. *Matter of Vlachos*, 61 B.R. 473, 482 (Bankr.S.D.Ohio 1986). Applicants for payment of attorney fees as an administration expense have the burden of establishing entitlement to an award by a preponderance of the evidence. *In re Hanson Industries, Inc.*, 90 B.R. 405, 409 (Bankr.D.Minn.1988). Should a court determine that only a portion of the services rendered benefitted the estate, it may limit the allocation of funds from the estate to pay for only that percentage of services deemed compensable. *In re Kaplan*, 59 B.R. 112 (Bankr.D.R.I.1986) (where only thirty [30%] percent of services for which compensation was sought were recoverable from debtor's estate when most of attorney's effort benefited not debtor's estate, but debtor).

*Fees Associated with Dischargeability Defense:*

Administration expense payment is conceptually a type of priority afforded to those who either help preserve and admin-

ister a bankruptcy estate, or who assist with rehabilitation of a debtor so that all creditors will benefit. *In re Armorflite Precision, Inc.*, 43 B.R. 14, 15 (Bankr.Me. 1984), *aff'd* 48 B.R. 994 (Bankr.Me.1985). Usually, this restricts estate-source expense payments to a debtor's attorney to post-petition services in a Chapter 11 case. *Matter of Chicago, Rock Island and Pacific R. Co.*, 756 F.2d 517, 519–520 (7th Cir. 1985). In a reorganization, there are ongoing, asset accumulating activities of a debtor's attorney for the debtor for post-petition benefit to the estate. In a Chapter 7 case, to the contrary, there is a cutoff at the time of filing where all existing non-exempt assets collected by the Trustee are intended to be distributed to the creditors, not to the individual Debtor, nor to his counsel for post-petition services to an individual debtor. Post-petition services provided by an attorney in a Chapter 7 proceeding usually only benefit the debtor personally since additional assets will not be created.[1]

■ In the majority of courts, an attorney for a Chapter 7 individual debtor is entitled to be compensated from an estate only for services of value to the administration of the estate or of benefit to the estate. *In re Ryan*, 82 B.R. 929 (N.D.Ill. 1987); *Matter of Tabala*, 48 B.R. 871, 873 (S.D.N.Y.1985); *In re Maller Restaurant Corp.*, 57 B.R. 72 (Bankr.E.D.N.Y.1985). Usually, this policy restricts compensation from the estate to fees "for analyzing the debtor's financial condition; rendering advice and assistance to the debtor in determining whether to file a petition in bankruptcy; the actual preparation and filing of the petition [and required schedules and statements]; and representing the debtor at the section 341 meeting of creditors." *In re Tabala*, 48 B.R. 871, 873 (S.D.N.Y. 1985), *quoting In re Olen*, 15 B.R. 750, 752 (Bankr.E.D.Mich.1981). Counsel for a Chapter 7 debtor may not be compensated from the estate for other services unless he demonstrates a benefit to the estate. *In re Taylor*, 66 B.R. 390, 394–397 (Bankr.

W.D.Pa.1986). Consequently, the majority rule does not allow an award of compensation from the estate to the debtor's attorney for defending against objections to the debtor's discharge or objections to the debtor's exemptions since these kinds of legal services benefit only the debtor personally and are of no value to the estate or to creditors. *In re Leff*, 88 B.R. 105 (Bankr.N.D.Tex.1988); *In re Rhoten*, 44 B.R. 741 (Bankr.M.D.Tenn.1984); *Matter of Zweig*, 35 B.R. 37 (Bankr.Ga.1983). Therefore, under the majority rule, "[a] chapter 7 debtor's counsel must look to the debtor's exempt property and post-petition earnings to be compensated for … services" which benefit the debtor personally but that do not benefit the estate. *In re Leff*, 88 B.R. 105, 109 (Bankr.N.D.Tex.1988).

In support of his argument that legal fees of this nature should be paid from the estate, Blachor relies on case law from a small minority of jurisdictions. In particular, Blachor cites to *In re Deihl*, 80 B.R. 1, 2 (Bankr.D.Me.1987) and *In re Gray*, 7 C.B.C. 571, 583 (Bankr.D.Me.1975) to bolster his proposition. However, both of these cases have recently been rejected and repudiated by the same court that issued these prior decisions. *See In re Kingsbury*, 23 B.C.D. 975 (Bankr.D.C.Me.1992).

■ This Court believes the majority rule is sound and is applicable to this case. Under the majority rule, "the basic test of recovery is that a claimant must have made a 'substantial contribution' to the estate as demonstrated by benefit to the estate [or to] the creditors…. Extensive participation in a case alone is insufficient to compel compensation under section 503(b)." *In re McLean Industries, Inc.*, 88 B.R. 36, 38 (Bankr.S.D.N.Y.1988), *In re Rockwood Computer Corp.*, 61 B.R. 961, 965 (Bankr. S.D.Ohio 1986).

■ Although Blachor indicated an intention to apply for an allowance for counsel fees from the Estate in his application for the Order of Retention, it is up to the

---

1. Of course, there are exceptions when post-petition services rendered by a debtor's attorney do furnish a benefit to the creditors.

Court to determine whether all of Blachor's fees are compensable. In this case, the portion of the services provided to defend against the Creditor's objection to discharge and dischargeability of his debt only benefited the Debtor; no benefit accrued to the estate. Granting counsel's fee request would deplete the estate without providing any corresponding benefit to the estate or its creditors.

Blachor acknowledges that any fee paid to him will come from any distribution to which the prime creditor may be entitled. Blachor believes that this is a just and reasonable solution. This Court, to the contrary, believes that the just and reasonable solution is for the Debtor to pay his own counsel fees for post-petition services provided to him individually out of his post-petition earnings and exempt property. This Court believes that it would not be equitable for the prime creditor who had obtained a pre-petition judgment of approximately $517,000.00 to bear the burden of paying the Debtor's legal fees for services performed on behalf of the Debtor only with no resulting benefit to the Estate.

It is clear that Blachor's representation of the Debtor in connection with the non-dischargeability action did not benefit the Estate or the creditors. Therefore, the fees requested by Blachor for defending the Debtor in regard to discharge or dischargeability, and other services not beneficial to the administration of the estate are DENIED.

*Fees Associated with Objection to the Sale of the Debtor's Interest in his Residence:*

█ Where an attorney "renders services not only on behalf of his or her client's interests, but he or she also confers a significant and demonstrable benefits upon the creditors of the estate, the expenses thereby incurred should be compensated." *In re McLean Industries, Inc.,* 88 B.R. at 39 (Bankr.S.D.N.Y.1988); *In re General Oil Distributors, Inc.,* 51 B.R. 794, 806 (Bankr.E.D.N.Y.1985).

█ Compensable attorney fees fixed by the Court must take into account both the value of the services and the results obtained. *In re Baker,* 93 B.R. 760, 763 (Bankr.M.D.Fla.1988). Factors to be considered in determining reasonable fee awards include time and labor required, novelty or difficulty of questions, skill required to perform service properly, preclusion of other employment due to acceptance of case, customary fee, whether fee is fixed or contingent, time limits imposed by client or circumstances, amount involved and results obtained, attorney's experience, reputation and ability, undesirability of case, nature and length of professional relationship of client, and awards in similar cases. *In re Nine Associates, Inc.,* 76 B.R. 943, 945 (S.D.N.Y.1987).

█ However, the actual, necessary costs and expenses of preserving assets of the estate under 11 U.S.C.A. section 503(b)(1)(A), relating to administration expenses cannot exceed the value of those assets. *In re C & L County Market of New Market, Inc.,* 52 B.R. 61, 62 (Bankr. E.D.Pa.1985). A court may reduce requested attorney fees when disproportionate to the benefit produced. *In re Neibart Associates Press, Inc.,* 58 B.R. 212, 215 (Bankr.E.D.N.Y.1985).

█ The services rendered by Blachor in overcoming the Creditor's objection to the Trustee's sale of Waxman's interest in his marital residence was unquestionably primarily for the benefit of the Debtor and his wife. However, Blachor's successful defense against the objection also benefited the Estate in its administration which resulted in the Court approving the offer made to the Trustee of $8,000.00 cash and the waiver of the Debtor's homestead exemption. The services rendered to the Estate to realize this waiver by the Debtor or to sustain the Trustee's acceptance of the offer proffered by the Debtor's spouse cannot be readily distinguished from those services provided to the offeror, the Debtor's spouse, and consequently to the Debtor. A reasonable fee is one that is commensurate with the potential benefit or actual value obtained. Accordingly, this Court grants Blachor the sum of $2,500.00 to be paid from the proceeds of the Estate as an administration claim.

SETTLE ORDER in accordance with this decision.