**In re Mary Ethel JESSEE, Debtor.**

**Bankruptcy No. 7–83–00250.**

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

Aug. 26, 1987.

Jo S. Widener, Bristol, Va., for the Administratrix of the Estate of James E. Nunley.

John M. Lamie, Abingdon, Va., for debtor.

**60**

MEMORANDUM OPINION

ROSS W. KRUMM, Bankruptcy Judge.

■ Counsel for the Administratrix of the Estate of James E. Nunley, former attorney for the Debtor in Possession, has filed an application for fees requesting approval of fees and expenses incurred by her attorney in connection with the appeals of an Order of this Court allowing attorney's fees to James E. Nunley, Esquire, to the United States District Court for the Western District of Virginia, and to the United States Court of Appeals for the Fourth Circuit. The Debtor in Possession has objected to the allowance of the fee request on the ground that this Court has no jurisdiction after confirmation of the Debtor-in-Possession's Chapter 11 Plan of reorganization to hear and determine fee applications. In the alternative, the Debtor in Possession argues that the fee request is not the type of request which should be allowed under 11 U.S.C. § 330 of the Bankruptcy Code and, it is, in any event, unreasonable.

The facts in this case are not in dispute. The attorney's fees for James E. Nunley, Esquire, as attorney for the Debtor in Possession in connection with the administration of the Chapter 11 reorganization proceeding were approved by Order of this Court. Subsequently, the Debtor in Possession appealed the allowance of attorney's fees to the United States District Court for the Western District of Virginia and to the Fourth Circuit Court of Appeals. The Fourth Circuit Court of Appeals affirmed the decision of the Bankruptcy Court allowing the fees requested by Mr. Nunley. Along the way, it was necessary for Mr. Nunley's estate to employ counsel to defend the fee award at the District Court level and in the Fourth Circuit Court of Appeals. The estate now seeks to recover additional fees for this appellate work.

With respect to the jurisdictional issue raised by the Debtor, this Court finds the arguments raised without merit. 11 U.S.C. § 1142(a) clearly requires the Debtor to comply with orders of this Court. Further, as long as this case is open there is no limit on the jurisdictional grant conferred by 28 U.S.C. § 1334(b). 5 *Collier on Bankruptcy,* ¶ 1142.01, p. 1142–3 (15th Ed.1987).

With respect to the allowability and reasonableness of the fee request, the starting point for an analysis of the fee request is 11 U.S.C. § 330(a)(1) which provides, in part, that the Court may award to the debtor's attorney—

(1) reasonable compensation for actual, necessary services rendered by such ... attorney ... based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title.... 11 U.S.C. § 330(a)(1).

■ The major criteria for compensation in bankruptcy cases is value of services to the debtor's estate. *In re International Coins & Currency, Inc.,* 22 B.R. 127, 130 (Bankr.D.Vt.1982). This is reflected in the language of § 330 itself since the attorney's fees are "based on the nature, the extent and the value of such services." 11 U.S.C. § 330(a)(1). In addition, the factors set forth in *Barber v. Kimbrell's, Inc.,* 577 F.2d 216 (4th Cir.1978), and made applicable to bankruptcy proceedings by *Harman v. Levin,* 772 F.2d 1150 (4th Cir.1985), assist the Court in determining the amount, if any, of the fee to be awarded.

■ It is clear to this Court that the fee application in the case at bar does not represent an application for services rendered to the Debtor's estate. The sole purpose of the application is to request allowance of fees incurred by the estate of the deceased attorney for defense of a previously allowed fee application. A developing line of cases indicates a growing trend among bankruptcy courts to award compensation to counsel for time devoted to the preparation and presentation of attorney's fee applications pursuant to § 330(a) of the Bankruptcy Code. *In re Nucorp Energy, Inc.,* 764 F.2d 655, 659 n. 4 (9th Cir.1985). It has long been the requirement that an attorney who wishes to be compensated in a bankruptcy proceeding from the estate must provide a detailed account of the legal services that have been

provided to the estate in order to recover any compensation at all for services. The detailed fee applications which counsel seeking compensation prepare and file enable the Bankruptcy Court to fulfill its duty to review and examine carefully the compensation sought by counsel. For this reason, a growing number of courts have permitted the time spent in preparing and presenting fee applications to be compensable. *See In re United Rockwool*, 32 B.R. 558 (Bankr.E.D.Va.1983).

The estate of the deceased counsel for the Debtor asks this Court to extend the growing line of cases permitting compensation for preparation and presentation of attorney's fee applications to the appeal of fee applications which have been previously allowed. The moving party in the case at bar relies on the *Nucorp* decision, *supra* p. 60, for the proposition that fees for litigation concerning an attorney's fee application should be included in compensation awarded under § 330(a)(1). However, this Court does not read the holding in *Nucorp* to go that far. *Nucorp* states as follows:

> We hold that bankruptcy counsel are entitled to compensation for the time and effort spent in preparing fee applications. Our holding is consistent with the policies underlying the Bankruptcy Reform Act and with the rule normally applicable in cases in which attorneys' fees are awarded by the federal courts.

*Nucorp*, 764 F.2d at 662.

There is dicta in *Nucorp* which compares civil rights cases in which attorneys' fees are statutorily allowed to a civil rights litigant who prevails to allowance of fees to counsel for defense of fee applications on appeal. *Id.* at 659–61. However, the remand to the District Court in the *Nucorp* case was specific when the Ninth Circuit stated: "Accordingly, we remand to the District Court to award reasonable compensation for all 'actual, necessary services,' rendered in connection with the preparation and presentation of the fee application." *Id.* at 663.

In view of the fact that the services rendered in the prosecution or defense of the fee application after its preparation and presentation to the Bankruptcy Court provides no services of value to the debtor's estate and does not add to the purpose of requiring detailed fee applications for use by the Bankruptcy Court, this Court declines to extend the holding in *Nucorp* to require that defense of fee applications on the appellate level is compensable. This Court is of the opinion that to extend the *Nucorp* holding to defense of fee applications already determined by the Bankruptcy Court could result in an estate being totally consumed by attorneys' fees when litigation over the allowable amount ensues. For example, in the case at bar, attorneys' fees in the amount of approximately $60,000.00 were allowed for services to the Debtor under 11 U.S.C. § 330(a). The supplemental fee application solely for the defense of the previously allowed fee application is another $18,000.00. Yet, the confirmed Chapter 11 plan of the Debtor has not been carried out and creditors have not been paid as set forth in the confirmed plan. The allowance of the additional fee application could have a detrimental effect upon the Debtor's ability to carry out her confirmed Chapter 11 plan. Further, the allowance and payment of the fees would benefit no creditor, would not benefit the Debtor, and would inure only to the benefit of the estate of the deceased attorney for the Debtor in Possession.

The policy of § 330 of the Bankruptcy Code is to encourage competent counsel to represent debtors in bankruptcy proceedings and to be compensated for their efforts at a level which could be expected outside of the context of bankruptcy proceedings. As set forth in the dicta found in the *Nucorp* decision, failure to permit recovery of fees incurred in defense of fee applications will effectively cut back on the hourly rate earned by counsel for the debtor in the bankruptcy proceeding. *Nucorp*, 764 F.2d at 660. However, this is a risk which counsel for the debtor undertakes when accepting the engagement to render legal services. Further, it is a risk which counsel incur outside of the context of a bankruptcy proceeding. Absent contractual agreement between client and attorney, or specific statutory authorization, attorneys' fees incurred in collecting a disputed fee are not compensable. *See, e.g., Alyes-*

*ka Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 257–60, 95 S.Ct. 1612, 1621–23, 44 L.Ed.2d 141 (1975), which sets forth the American rule with respect to payment of attorney's fees and the limited exceptions thereto, none of which are applicable in this case.

It is clear that Congress did not intend that § 330 be used to award attorneys' fees to the prevailing party in litigation. Had Congress so intended, it would have used specific language like that found in 11 U.S.C. § 303(i) where specific authority is given to the Court to grant attorneys' fees to debtor upon dismissal of an involuntary proceeding. Thus, there is no specific statutory authorization in the Bankruptcy Code to support the applicant's fee request.

Based upon the foregoing, this Court holds that a fee application confined solely to services rendered by counsel in defending a previously allowed fee application at the appellate level is not the type of legal service which is compensable under 11 U.S.C. § 330(a) of the Bankruptcy Code. Accordingly, an order will be entered denying the application for fees filed by the estate of James E. Nunley in the amount of $18,787.20.