In the Matter of Glenn D. LEE, et al., Debtors.

Dougal C. POPE, Appellant,

v.

Gary J. KNOSTMAN, Trustee, Appellee.

No. 89–2466

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 6, 1989.

Rudy M. Groom, Houston, Tex., for appellant. Dougal C. Pope, Houston, Tex., pro se.

Mark A. Stewart, Fulton, Tex., for appellee.

Before POLITZ, GARWOOD and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Dougal C. Pope, the attorney for the debtors in a Chapter 7 bankruptcy proceeding, appeals from a judgment of the district court upholding the bankruptcy court's determination that his $15,000 attorney's fee was excessive. Pope contends that the court should have allowed the entire $15,000 fee pursuant to the terms of a "contingent" fee contract between Pope and the debtors. We affirm the judgment.

I

Glenn and Doris Lee ("Debtors") invested in an income tax shelter. When the Internal Revenue Service ("IRS") proposed disallowance of the losses from that shelter, Glenn Lee sought the assistance of the appellant, Dougal Pope, an attorney who specializes in federal tax matters. The IRS asserted that the Lees owed over $80,000 in additional income taxes, penalties, and interest.

After conducting fifty hours of research on the tax shelter matter, Pope concluded that bankruptcy was the only solution for the Lees. Pope and the Lees then entered into a contract pursuant to which the Lees agreed to pay Pope $15,000 for all of the work he had already done for them on the tax shelter matter, as well as any and all work that may become necessary in connection with the bankruptcy. Pope received the $15,000 a day or so prior to filing the bankruptcy petition, and disclosed the fee as required by the Bankruptcy Rules.

At the time the fee agreement was made, it was not known whether it would be necessary for Pope to file suit to determine the income tax liability of the Debtors. If the IRS had filed a tax lien prior to the filing of the bankruptcy petition, it would have constituted a lien against the Debtors' home, and it would have been necessary to litigate the tax case as to the correct income taxes involved for the years at issue. The IRS, however, did not file the tax lien prior to the filing of the bankruptcy petition, and Pope therefore did not have to file any lawsuits. In addition, the $80,703 in income taxes, interest and penalties owed by the Debtors was forgiven in bankruptcy.[1] Thus, Pope achieved a highly satisfactory result for his clients.

II

The appellee, Gary J. Knostman, Trustee, filed a motion to examine the Debtors' transactions with their attorney in accordance with Bankruptcy Rule 2017. At the hearing on the Trustee's motion, Pope, the only witness, testified to the work he did, the amount of time he spent, and the results achieved. The bankruptcy court found that it had jurisdiction to examine

---

**1.** The tax debt was forgiven because the Debtors' returns had been on file for more than three years, the IRS assessment had been made more than 240 days before the Chapter 7 petition was filed, and there was no fraud involved. *See* 11 U.S.C. §§ 523(a), 507(a)(7)(A), 727.

the Debtors' transactions with Pope pursuant to 11 U.S.C. § 329 and Bankruptcy Rule 2017. Based on Pope's affidavit and testimony and arguments of counsel, the bankruptcy court determined that $9,225 of the $15,000 fee was excessive, and ordered that amount remitted to the Trustee. Pope was ordered to submit a fee application in order to retain the remaining $5,775 which the court found to be a reasonable attorney's fee. The court allowed fees based on an hourly rate of $150, an amount higher than that normally allowed in bankruptcy proceedings, because of Pope's expertise in tax matters.

On appeal the district court affirmed the decision of the bankruptcy court.

### III

Pope appeals to this court, contending that the proper measure of the reasonableness of his fee was his "contingent" fee contract with the Debtors, rather than the time he spent on the matter. Pope also argues that, because the bankruptcy court set aside the fee as a preference in the absence of any pleading raising that issue, the bankruptcy court lacked authority to disallow his fee. Pope contends that Bankruptcy Rule 2017, upon which the court acted, permits only disallowance of excessive fees and not preferential fees. Finally, Pope contends that the district court erred in its alternative holding that the decision of the bankruptcy court should be affirmed because Pope failed to file a timely designation of record on appeal from bankruptcy court to district court.

### A.

Pope contends that his contract with the Debtors was for a contingent fee, that the fee was reasonable, and that it should have been approved by the bankruptcy court. The Trustee argues that, because Pope presented no evidence in bankruptcy court

that the fee arrangement was for a contingent fee, the issue is not properly before this court. Our disposition of this case makes it unnecessary for us to decide whether the issue of the nature of the fee arrangement is being raised for the first time on appeal.[2]

The Bankruptcy Act authorizes the bankruptcy court to award to a debtor's attorney "reasonable compensation for actual, necessary services ... based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable service." 11 U.S.C. § 330. Thus, regardless of whether Pope's fee was a flat fee or a contingency fee, Pope was entitled to receive compensation only for the reasonable value of the services rendered to the Debtors.

■ The bankruptcy court is empowered, pursuant to 11 U.S.C. § 329 and Bankruptcy Rule 2017(a), to order the return of any unreasonable or excessive portion of an attorney's fee paid before commencement of a bankruptcy case for services rendered or to be rendered in contemplation of the filing of a bankruptcy petition. The reasonableness of an attorney's fee is, as a general matter, a question of fact. *See Collier on Bankruptcy* para. 329.04 at 329–15 (1989). Rule 8013 of the Bankruptcy Rules mandates the application of the clearly erroneous standard of review to the bankruptcy court's findings of fact.

■ The bankruptcy court, after considering the affidavit and testimony of Pope and arguments of counsel, found that $5,775 was a reasonable attorney's fee for Pope's work for the Debtors. The court found that $9,225 of the fee was excessive and was of no benefit to the bankrupt estate. The court approved computation of Pope's fee at an hourly rate of $150 because of his extensive tax experience, even though such a rate would not usually be allowed in a bankruptcy proceeding. At

---

**2.** We note, however, that the $15,000 fee paid by the Debtors to Pope was not a contingent fee in the normal sense of that term. A contingent fee arrangement is one in which an attorney's compensation is a percentage of the amount recovered. *See Black's Law Dictionary* 553 (1979).

Pope was paid $15,000 for filing a Chapter 7 petition and for some tax research he had already completed. The only contingency was that Pope might be required to file a lawsuit in the bankruptcy proceedings, which proved to be unnecessary.

the time the $15,000 fee was paid, Pope and the Debtors anticipated that litigation might become necessary with regard to the Debtors' income tax liability. That litigation, however, proved to be unnecessary. Pope complains that the Trustee is using hindsight, inasmuch as the Trustee admitted that the fee agreement would have been fair had it been necessary for Pope to file a lawsuit with respect to the Debtors' tax liability. The bankruptcy court, however, acting pursuant to 11 U.S.C. § 329, correctly focused its inquiry on the value of Pope's services to the bankrupt estate. The bankruptcy court did not err in disallowing compensation for services not performed. We further conclude that the bankruptcy court's finding that $5,775 was a reasonable fee is based on the evidence and is not clearly erroneous.

### B.

Pope contends that the bankruptcy court disallowed $9,225 of his $15,000 contingent fee on the basis that it was a preference under 11 U.S.C. § 547. He argues that the disallowance was erroneous because (1) the Trustee did not plead under the preference section, but under 11 U.S.C. § 329 and Bankruptcy Rule 2017, and (2) the bankruptcy court has no authority to set aside a preferential transfer under 11 U.S.C. § 329 and Bankruptcy Rule 2017. His argument is directly contradicted by the record.

The order of the bankruptcy court that followed the hearing on the Trustee's motion to examine the Debtors' transactions with Pope is unequivocal. The order clearly indicates that the court's decision was based solely on a finding that Pope's fee was excessive under 11 U.S.C. § 329 and Bankruptcy Rule 2017, and *not* because it was preferential under 11 U.S.C. § 547. Bankruptcy Rule 2017 and 11 U.S.C. § 329 empower the bankruptcy court to order disgorgement of any portion of an attorney's fee which it finds to be excessive. The Trustee properly sought return of the excessive portion of the fee under 11 U.S.C.

§ 329 and Bankruptcy Rule 2017, and the bankruptcy court specifically found that it had jurisdiction to examine the fee and order disgorgement pursuant to that authority. Because the court properly acted pursuant to its authority under section 329 in disallowing the fee, Pope's argument is meritless.

### C.

Finally, Pope argues that the district court erred in affirming the decision of the bankruptcy court on the alternative ground that Pope failed to file a timely designation of the record on appeal from the bankruptcy court to the district court.[3] Inasmuch as we affirm the district court's judgment on the basis of its holding, pursuant to section 329, that the fee was excessive, we need not address this issue.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

---

**3.** Pope did not file and serve a designation of record on appeal from bankruptcy court to district court within ten days of filing his notice of appeal, as required by Bankruptcy Rule 8006.