**In re Jeffrey L. LATHAM, Debtor.**

**No. 88–03355–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida.

Aug. 23, 1991.

Reggie David Sanger, Fort Lauderdale, Fla., for trustee Marika Tolz.

Charles D. Barnard, Fort Lauderdale, Fla., for debtor.

Leslie Gern Cloyd, Ackerman, Bakst, Lauer, Scherer, West Palm Beach, Fla., for Alan Gluckstern.

Marika Tolz, Hollywood, Fla., trustee.

## ORDER DETERMINING EXTENT OF COMPENSATION FOR DEBTOR'S COUNSEL

A. JAY CRISTOL, Bankruptcy Judge.

Debtor seeks compensation for counsel in a chapter 11 which failed and for services in the ensuing chapter 7.

■ 1. A large amount of the fees sought are related to the defense of the debtor in an adversary dealing with an objection to dischargeability of debt. This is not compensable.

■ 2. The debtor's counsel was retained per authorization of this court, as special counsel since March of 1991 for the defense in the state court Lawson litigation seeking in part the establishing of a liquidated amount of its tort claim. This service was of benefit to the estate.

■ 3. The application seeks an award for compensation going back to the beginning of the chapter 11 proceeding which was the 8th day of August 1988.

4. Section 330 of the Bankruptcy Code authorizes the bankruptcy court to award the debtor's counsel the reasonable compensation for *actual, necessary* services based upon the extent, and value of services, and the cost of comparable services. *In*

*re Lee,* 884 F.2d 897, 19 B.C.D. 1506 (5th Cir.1989). The value of the services in the chapter 11 case are zero.

5. The services rendered must be services "in the aid of the administration of the estate" to be entitled to compensation from the estate. *See* 4 Collier on Bankruptcy para. 330.04[3] (15th ed. 1986).

6. There is a split of authority in the courts as to the recovery of the fees for services debtor's counsel is attempting to recover from this estate. The minority view would allow for the recovery of fees from the estate for debtor's counsel, regardless of whether the services benefit the estate rather than the debtor. *See In re Deihl,* 80 B.R. 1 (Bankr.D.Me.1987); *In re Cleveland,* 80 B.R. 204 (Bankr.S.D.Cal. 1987).

7. The majority and better view is that there must be a demonstration of a benefit to the estate. *In re Reed,* 19 B.C.D. 1696 (8th Cir.1989); *In re Holden* 101 B.R. 573 (N.D.Iowa 1989).

8. Fees should not be allowed for services that benefit the debtor but not the estate. *In re Jessee,* 77 B.R. 59, 61 (Bankr. W.D.Va.1987); *In re Chapel Gate Apts.,* 64 B.R. 569, 576 (Bankr.N.D.Tex.1986); *In re Spencer,* 48 B.R. 168, 171 (Bankr. E.D.N.C.1985). To allow a debtor to dissipate the estate by paying attorney fees for services of no benefit to the estate is contrary to the concept of equitable distribution of the estate.

9. This estate presently has about $60,-000 which the trustee marshalled from United Growth, Inc., an affiliated company, and another $350,000 from administration of the chapter 7. The exact amount that will flow into this estate after taxes is unknown at this time. There was no cash in the estate when it was turned over to the trustee.

10. This court adopts the majority rule and will only award those fees which were a benefit to the estate and were actual and necessary. Accordingly, it is

ORDERED that the fees as special counsel, which are not objected to by the trust-ee, are authorized in the amount of $12,-062.50 and may be paid from the estate.

In allowing the foregoing fees, this court has considered 11 U.S.C. § 330 and each of the factors that govern the reasonableness of fees as set forth in *In re First Colonial Corp. of America,* 544 F.2d 1291 (5th Cir. 1977).

DONE and ORDERED.