USA

v.

Theodore PRICE.

No. 92 C 5841.

United States District Court,
N.D. Illinois.

July 7, 1993.

---

HOLDERMAN, District Judge.

The United States has appealed an order of the bankruptcy court, Judge John H. Squires presiding, awarding debtors Theodore and Ollie Price fees and costs as a sanction for the government's willful violation of the automatic stay. 11 U.S.C. § 362(h).

■ The government's contentions relating to the waiver of sovereign immunity under 11 U.S.C. § 106 were previously addressed by Judge Rovner. *See In re Price*, 130 B.R. 259 (N.D.Ill.1991). Although the Supreme Court's decision in *United States v. Nordic Village, Inc.*, 503 U.S. 30, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992) would impact Judge Rovner's conclusions regarding the waiver of sovereign immunity under § 106(c), the *Nordic Village* decision does not affect her interpretation and application of § 106(a) and § 106(b). The prior determination that the United States has waived its sovereign immunity pursuant to these provisions remains the law of the case and will not be revisited.

■ The court rejects the government's argument that the claimed attorneys' fees were not actually incurred by the estate. The government's position is based on the debtors' failure to present a fee agreement that obligates the debtors to compensate their attorneys for the services rendered in connection with this matter. Under 11 U.S.C. § 330, however, debtor's counsel is entitled to apply to the court for reasonable compensation for actual, necessary services rendered. To the extent that services performed are compensable under § 330, attorneys' fees have been incurred by the estate and can be awarded pursuant to § 362(h).

The government's argument that attorneys' fees are not recoverable because debtors have not demonstrated that they suffered "actual damages" was raised for the first time in the government's reply brief and is therefore waived. *See e.g., Campbell v. Shalala*, 988 F.2d 741, 745 n. 3 (7th Cir.1993). Moreover, to the extent the government cites authority in support of this argument, the court notes its disagreement. § 362(h) provides that "actual damages, including costs and attorneys' fees" shall be recoverable. The use of the word "including" points to an intent that attorneys' fees be considered an element of actual damages, not, as claimed by the government, an embellishment to those damages. Additionally, this court agrees with Judge Squires' conclusion that 26 U.S.C. § 7430 does not govern the award of fees in this context. *Accord Taborski v. United States*, 141 B.R. 959, 967–68 (N.D.Ill. 1992).

Finally, the court determines that the government's objections to the amount of fees awarded do not warrant modification of the award. The reasonableness of an attorney's fee is generally a question of fact which, under Bankruptcy Rule 8013, this court reviews according to a "clearly erroneous" standard. *See In the Matter of Lee*, 884 F.2d 897, 899 (5th Cir.1989). Nothing submitted by the government persuades the court that Judge Squires' conclusions as to the amount of the fee award were clearly erroneous.

For the foregoing reasons, the decision of the bankruptcy court is AFFIRMED. This case is dismissed in its entirety.