Stanley J. EWING, SS# 524–18–3248, and Patricia Ewing, SS# 522–22–1052, Debtors.

Bankruptcy No. 7–92–11447 MF.

United States Bankruptcy Court, D. New Mexico.

March 1, 1994.

Jennie Deden Behles, Steven Tal Young, Behles–Giddens, P.A., Albuquerque, NM, for debtors.

Robert L. Finch, Jr., Farmington, NM, Chapter 7 Trustee.

*ORDER ON FIRST APPLICATION FOR COMPENSATION FOR ATTORNEY FOR THE DEBTORS*

MARK B. McFEELEY, Chief Judge.

This matter came before this Court on First Application for Compensation for Attorney for the Debtors filed by Behles–Giddens, P.A. on July 1, 1993 (the "Application"), Response thereto filed on July 7, 1993 by the Chapter 7 Trustee, Amended Response filed on September 7, 1993 by the Chapter 7 Trustee ("Trustee") and Objection filed on September 8, 1993 by the U.S. Trustee. The Application was made on behalf of Stanley J. Ewing ("Debtor"); Patricia Ewing is deceased. Having considered the facts, the arguments of counsel, the applicable law, the Court makes the following findings of fact and conclusions of law:

*FACTS*

On April 16, 1992, Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Debtor's Chapter 7 schedules and statement of affairs were filed on May 1, 1992. On April 17, 1992, the Debtor filed an amended statement of attorney compensation, stating that Debtor paid Behles–Giddens, P.A. ("Debtor's counsel"), $4,180 plus the $120.00 filing fee pursuant to a retainer agreement.[1]

Debtor's counsel performed the following services for Debtor in the Chapter 7 bankruptcy:

1. Advice prior to the filing of the bankruptcy;

2. Preparation and filing of the original petition and all statements and schedules;

3. Preparation for and representation at the § 341 meeting of creditors;

4. Negotiations with various creditors and the Trustee;

5. Negotiations with tenants of the Debtor concerning problems with Debtor's property;

6. Representation in proceedings to abandon real and personal property of the estate for use by the Debtor;

7. Representation of the Debtor in connection with a motion filed by the Trustee to assume Debtor's employment contract with State Farm Automobile Insurance Company, State Farm Life Insurance Company, State Farm Fire & Casualty Company and State Farm General Insurance Company (collectively, "State Farm"). Under this contract, the Debtor acts as State Farm's agent and is compensated for his services. The Trustee withdrew this motion;

8. Defense of the Debtor in an adversary proceeding filed by the Trustee for turnover of the same State Farm contract seeking assignment of the contract and its proceeds. The Trustee dismissed this action; and

9. Defense of the Debtors in an adversary proceeding filed by Barbara and Charlotte Sinkew (the "Sinkew adversary") seeking to enforce a claim against Debtors' estate resulting from a joint venture in which they claimed Debtor was subject to joint and several liability. Debtor's counsel negotiated a settlement, and Debtor was released from liability.

The Debtors' counsel requested a total of $52,509.68 in fees but amended its request during the hearing on this matter to exclude fees earned defending the debtors in the Sinkew adversary and now request a total of $40,908.92 in fees. According to the Trustee's report filed on December 31, 1993, funds available in this estate for distribution total $66,072.87.

*I. CONCLUSIONS OF LAW*

A. Entitlement to Fees

 Section 507(a)(1) allows the estate to pay only those priority administrative expenses that are allowed under § 503(b). Section 503(b) allows as an administrative expense any fees allowed under § 330 of the Code. Therefore, the Court must focus on § 330, which provides in relevant part the following:

(a) ... [T]he court may award ... to the debtor's attorney—

---

1. The Court will allow this payment to be applied to fees and expenses held to be not payable from

the estate, and so this amount is not subtracted from the final allowable amount of fees.

(1) reasonable compensation for actual, necessary services rendered by such ... attorney, ... and by any paraprofessional persons employed by such ... attorney, ... based on the nature, the extent, and the value such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and (2) reimbursement for actual, necessary expenses.

Section 330 gives the bankruptcy court discretion to award a reasonable fee for "actual, necessary services." The majority of courts that have interpreted this section hold that in determining whether attorney's services are "necessary," a court must determine whether they benefitted the bankruptcy estate as opposed to the debtor. *See e.g., In re Lederman Enterprises, Inc.,* 997 F.2d 1321, 1323 (10th Cir.1993); *In re Alcala,* 918 F.2d 99, 103 (9th Cir.1990); *In re Dixon,* 143 B.R. 671, 678 (Bankr.N.D.Tex.1992); *In re Latham,* 131 B.R. 238, 239 (Bankr.S.D.Fla. 1991); *In re Jessee,* 77 B.R. 59, 61 (Bankr. W.D.Va.1987). The Tenth Circuit holds that a court should determine, as a threshold matter, whether the attorney's services benefit the estate. *Lederman, supra.* If the services do not provide a benefit, they are not to be compensated regardless of the reasonableness of the amount sought. *In re Stromberg,* 161 B.R. 510, 514 (Bankr.D.Colo. 1993), citing *Lederman,* 997 F.2d at 1323.

Following the Tenth Circuit, this Court may award compensation for services that benefit the Chapter 7 estate. *Stromberg, supra,* 161 B.R. at 514–16 (outlining differences in chapter 7, 11 and 13 attorney services). In the Chapter 7, debtors' attorneys have typically been entitled to " 'compensation for analyzing the debtor's financial condition; rendering advice and assistance to the debtor in determining whether to file a petition in bankruptcy; the actual preparation and filing of the petition, schedules of assets and liabilities, and the statement of affairs; and representing the debtor at the Section 341 meeting of creditors.' " *Stromberg,* 161 B.R. at 515 (quoting *In re Holden,* 101 B.R. 573, 576 (Bankr.N.D.Iowa 1989)). These are services that assist the debtor in

the performance of his duties under the Code and aid in the administration of the estate. *Id.* Additional services that are compensable are those that either protect and increase the available assets or decrease the debtor's indebtedness. These services may comprise investigation, negotiation, and/or litigation in attempts to recover or collect assets or to reduce liabilities. 2 Collier on Bankruptcy ¶ 330.05[1] (15th ed. 1993).

Debtor's counsel argues that the term "benefit to the estate" should not be limited to the basic Chapter 7 services or additional services that provide a specific monetary benefit to the estate. Debtor's counsel maintains that the Debtor had to incur the majority of the fees requested in the Application in defending against the Trustee's unwarranted motions for assumption and turnover of the State Farm employment contract. The Debtor and his counsel reason that they should not have to bear the risk that the Trustee will attempt to acquire the Debtor's means of support and consequently jeopardize the Debtor's "fresh start." They argue that since these services enabled the Debtor to receive his fresh start and comply with his duties under the Code, the services provided a benefit, albeit not monetary, to the bankruptcy estate and should be paid out of the estate.

■ Debtor's counsel relies on a rule espoused by a small minority of courts. Debtor's counsel cites *In re Brandenburger,* 145 B.R. 624, 628–29 (Bankr.D.S.D.1992) for the proposition that "benefit to the estate" is not limited to monetary benefit. The *Brandenburger* case, however, involved compensation for services rendered after confirmation of the debtor's Chapter 12 plan, and the analysis centered on whether certain services provided post-confirmation benefitted the estate or the debtor. The court concluded that fees for defending the debtor against a complaint for revocation of discharge were not compensable but fees incurred in obtaining court approval for the sale of a tractor and preparation of the fee application were compensable out of the estate. *Id.* at 629–30. Debtor's counsel also cites *Diehl* [2], which held that a Chapter 7 debtor's counsel was entitled to

---

**2.** 80 B.R. 1, 2 (Bankr.D.Me.1987).

compensation out of the estate for services rendered in defense of a dischargeability complaint. The court stated,

"... a rigid rule to disallow attorney's fees rendered in defense of a nondischargeability action is inappropriate. Such a rule would surely contravene Congress' policy to permit an honest debtor a fresh start by forcing a debtor to defend an objection to discharge or an objection to the dischargeability or individual debts without necessary legal counsel."

*Id.* at 2.

Numerous courts, including one in the same district, have criticized *Diehl. See e.g. In re Reed,* 890 F.2d 104, 105 (8th Cir.1989) (recognizing split of authority, but concluding that overwhelming weight of authority follows the better rule requiring benefit to estate); *In re Kingsbury,* 146 B.R. 581, 582 (Bankr.D.Me.1992) (court in same district disallowed fee application for services in defense of dischargeability action stating that *Diehl* is at odds with the Code); *In re Waxman,* 148 B.R. 178, 182 (Bankr.E.D.N.Y. 1992) (majority rule is sound; *Diehl* followed in small minority of jurisdictions); *In re Latham,* 131 B.R. 238, 239 (Bankr.S.D.Fla.1991) (better rule is that there must be showing of benefit to the estate); *In re Holden,* 101 B.R. 573, 575 (Bankr.N.D.Iowa 1989) (*Diehl* is "splinter of authority").

In light of the Tenth Circuit's adoption of the majority rule on this issue, this Court cannot follow the reasoning of *Diehl* and expand the notion of benefit to the estate to such things as enabling the debtor's fresh start. Moreover, the majority rule recognizes that the Code,

"... sets aside resources that a debtor may devote to his or her defense, including exempt assets and post-petition earnings. 'This approach furthers the 'fresh start' objective of the Bankruptcy Code while not putting the full burden of the debtor's legal expenses on the estate and, consequently, the creditors.' "

*In re Kingsbury,* 146 B.R. at 586 (quoting, *In re Leff,* 88 B.R. 105, 109 (Bankr.N.D.Texas)).

 While the Trustee's actions may have been ill-informed, the defense against such actions provided a benefit to the Debtor himself and not to the bankruptcy estate and are not compensable out of the estate. This Court holds that the following services benefitted the estate:

1. Advice prior to the filing of the bankruptcy;

2. Preparation and filing of the original petition and all statements and schedules;

3. Preparation for and representation at the § 341 meeting of creditors;

4. Negotiation with various creditors and the Trustee concerning administration of property of the estate; and

5. Preparation of the portion of the Application relating to the above.

Debtor's counsel will be compensated for these services if they meet the additional test for reasonableness.[3] All other legal services are not compensable out of the estate because they benefitted the Debtor only.

After careful review of each billing statement submitted by Debtor's counsel, the court has determined the reasonable fees attributable to the allowable activities outlined above. After determining the allowable

---

**3.** Beyond the question of whether the services benefitted the estate, the Tenth Circuit has established a checklist of matters to be considered in awarding fees. *Stromberg, supra,* 161 B.R. at 516. In the case of *In re Permian Anchor Services, Inc.,* 649 F.2d 763 (10th Cir.1981), the court adopted the following factors to consider in approving a fee application:

 (1) the time and labor required;
 (2) the novelty and difficulty of the questions;
 (3) the skill requisite to perform the legal service properly;
 (4) the preclusion of other employment by the attorney due to acceptance of the case;

 (5) the customary fee;
 (6) whether the fee is fixed or contingent;
 (7) time limitations imposed by the client or the circumstances;
 (8) the amount involved and results obtained;
 (9) the experience, reputation and ability of the attorneys;
 (10) the undesirability of the case;
 (11) the nature and length of the professional relationship with the client; and
 (12) awards in similar cases.

fees, the Court multiplied the total expenses for each bill by the percentage of allowable fees to the total fees billed in each billing statement. The total allowable fees attributable to the first four items above are $5,399.00, plus applicable state gross receipts tax, plus allowable expenses of $933.29. Similarly, the Court has determined the allowable fees and expenses for the preparation of the Application by multiplying the total fees requested for preparation of the Application by the percentage the allowable fees bear to the total fees. The total allowable fees attributable to preparation of the Application are $112.20 in fees, plus applicable state gross receipts tax, plus $21.58 in allowable expenses.

IT IS ORDERED that the total amount payable out of the estate to Debtor's counsel for attorneys fees is $5,511.20, plus state gross receipts tax, plus expenses of $954.87.