Ana Torres LOPEZ, Debtor.

Ana Torres Lopez, Plaintiff–Appellant,

v.

Consejo de Titulares del Condominio Carolina Court Apartments, Defendant–Appellee.

BAP No. PR 08–068.
Bankruptcy No. 01–04801–GAC.
Adversary No. 03–0093–GAC.

United States Bankruptcy
Appellate Panel
for the First Circuit.

May 7, 2009.

Victor C. Thomas Santiago, Esq., on brief for Appellant.

Pablo H. Montaner Cordero, Esq., on brief for Appellee.

Before HAINES, VOTOLATO, and FEENEY, United States Bankruptcy Appellate Panel Judges.

FEENEY, Bankruptcy Judge.

Ana Torres Lopez (the "Debtor") appeals from a bankruptcy court order (the "Order") determining the amount of her attorney's fees and costs awarded in connection with her successful litigation against Consejo de Titulares del Condominio Carolina Court Apartments ("Consejo") for violation of the automatic stay. The bankruptcy court awarded Debtor's counsel approximately one-third of the fees he requested. The only justification advanced by the bankruptcy court for reducing the attorney's fees was the minimal amount of damages awarded to the Debtor for emotional distress caused by Consejo's stay violation.[1]

The Panel concludes that the bankruptcy court erred as a matter of law in failing to apply the lodestar approach in determining the award of attorney's fees and in failing to address the factors set forth in 11 U.S.C. § 330(a)(3).[2] Thus, it abused its discretion in reducing Debtor's counsel's fees based solely on the amount of damages obtained by her counsel in the adversary proceeding against Consejo.

## BACKGROUND

The Debtor filed a chapter 13 petition on April 25, 2001. Approximately two years later, on June 25, 2003, she filed a complaint against Consejo in which she alleged that it and others willfully violated the automatic stay by attempting to collect maintenance fees that were due pre-petition.[3] Through her complaint, the Debtor

---

1. The Debtor's case was commenced before the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub.L. No. 109–8, 119 Stat. 23. Accordingly, the Debtor's complaint against Consejo was commenced pursuant to 11 U.S.C. § 362(h), which was amended by BAPCPA and is now 11 U.S.C. § 362(k).

2. Unless otherwise indicated, the terms "Bankruptcy Code," "section" and " § " refer to Title 11 of the United States Code, 11

U.S.C. § 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109–8.

3. In the complaint, the Debtor also alleged that Maria del C. Salva and Luis Ruben Ortiz, in their capacities as president of Consejo, and their spouses violated the automatic stay. The bankruptcy court dismissed the complaint as to Salva and Ruben Ortiz, and the Debtor did not pursue her claims against the spouses.

sought $80,000.00 in actual damages and $100,000.00 in punitive damages, plus costs and attorney's fees.

The bankruptcy court conducted an evidentiary hearing on October 27, 2006, following which it issued a 26–page Decision and Order. The bankruptcy court found that Consejo or its agents violated the automatic stay "by sending [the Debtor] invoices with pending amounts, by sending a coercive letter advising her that the electricity and water would be cut if they did not receive the payments, and by posting a communal notice with the notation 'Chapter 13.'" *Torres Lopez v. Consejo De Titulares Del Condominio Carolina Court Apartments,* Adv. P. No. 03–00093, Slip op. at 21 (Bankr.D.P.R. Sept. 6, 2007). The bankruptcy court awarded the Debtor damages for emotional suffering in the amount of $2,500.00, but refused to award punitive damages.[4] In order to assess costs and attorney's fees, it ordered Debtor's counsel to file a fee application.

In accordance with the bankruptcy court's order, Debtor's counsel filed an "Application for Compensation for Attorneys Fees Pursuant to F.R.B.P.2016 and Motion in Compliance with Order," in which he sought compensation in the amount of $26,680.00 for attorney's fees and $1,245.97 in expenses for a total of $27,925.97. In the application, Debtor's counsel represented that "the amount is a reasonable value for the necessary and actual services and costs provided to the [Debtor]," and that "[t]he attorney fees requested for the services performed complies with the guidelines set for compensation and reimbursement of expenses under section 330 of the Bankruptcy Code and,

Bankruptcy Rule 2016(a)." Debtor's counsel attached to the application an itemization of his services, referencing the date the services were performed and providing a detailed description of the services, as well as the number of hours expended for those services computed in 1/10 hour intervals. The number of hours expended totaled 133.4. Debtor's counsel computed his fees for services as follows: "LOADSTAR [sic] FEE CHARGES $200.00 PER HOUR X 133 HOURS = 26,680." He also provided detailed descriptions of costs incurred in the litigation.

Consejo filed an opposition, entitled "Motion in Opposition to Amount Claimed for Attorneys' Fees," asking the court to disallow the fees because the court did not approve the employment of Debtor's counsel or authorize his $200 hourly rate in connection with the adversary proceeding. In the alternative, Consejo requested the court to reduce the fees to a reasonable amount. Consejo argued that it was "highly improbable" that the court would have approved a $200 hourly rate, particularly because the Debtor could not afford it, adding that numerous charges were for clerical work which should not be paid at the attorney's hourly rate. It further argued that at least one-third of the fees were "self-inflicted," relating to the Debtor's decision to move for partial summary judgment. Consejo asked the court to order Debtor's counsel to provide a copy of his contract with the Debtor, and it reserved the right to depose the Debtor and her counsel. Consejo did not object to the costs for which Debtor's counsel sought reimbursement.

---

4. The bankruptcy court previously had denied the Debtor's motion for partial summary judgment, finding genuine issues of material fact in dispute and ruling that it would determine damages at the same time it determined liability. In its decision awarding the Debtor $2,500 in damages, the bankruptcy court granted, in part, the Debtor's motion for partial summary judgment. The bankruptcy court did not explain this procedural anomaly, which is not germane to the matter on appeal.

Debtor's counsel filed a response to Consejo's opposition, entitled "Unsworn Statement Regarding Attorney Fees and Costs," in which he recited his professional credentials and the hourly rates at which courts have compensated him. Specifically, he represented that he had been awarded $200 per hour by bankruptcy judges in Puerto Rico, and he reiterated his belief that his fees were reasonable. Debtor's counsel also filed a "Motion to Supplement Unsworn Statement Regarding Attorney Fees and Costs." In that pleading, he stated that he was certified as an expert in consumer bankruptcy law by the American Board of Certification.

Prior to the hearing at which the bankruptcy court considered the fee application, Debtor's counsel filed a 20–page "Motion in Reply to Opposition and Brief for Assessment of Compensation for Attorney Fees and Costs" in which he responded to Consejo's opposition and briefed the court on the standard of review for determining the appropriate amount of attorney's fees, referencing 11 U.S.C. § 330. He also cited *In re Boddy*, 950 F.2d 334 (6th Cir. 1991), a chapter 13 case in which the Sixth Circuit ruled that the bankruptcy court applied an improper legal standard in determining the amount of attorney's fees when it failed to evaluate the actual and necessary services rendered in the case, and the reasonable time necessary to perform those services. Debtor's counsel recited the words of the court in *Boddy:*

'In determining a reasonable attorney's fee under § 330, many courts have adopted the formula used to calculate fees under various federal fee-shifting statutes.' Under the typical federal fee-shifting statute, the court will arrive at an attorney's fee by first determining

the 'lodestar' amount, which is calculated by 'multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended.'

The Supreme Court has made it clear that the lodestar method of fee calculation is the method by which federal courts should determine reasonable attorney's fees under federal statutes which provide for such fees. Because the Code provides for attorney's fees, and because the plain language of the Code indicates Congress intended no distinction between attorney's fees in bankruptcy cases and those awarded in non-bankruptcy cases, the courts have generally relied upon the lodestar approach when determining attorney's fees in bankruptcy cases.

*Id.* at 337 (citations omitted).

Debtor's counsel also observed that "[o]pponents of statutory fee petitions frequently attempt to diminish the value of consumer attorney's fees by citing the relatively modest amount of a typical settlement viz-a-viz the attorney fees and costs expended to reach a satisfactory result." He indicated that the remedial nature of § 362(h),[5] and fee-shifting statutes generally, counsel against the award of fees based only on the amount of damages awarded in the underlying litigation. Debtor's counsel also attached to his brief a fee matrix prepared by the U.S. Attorney's Office for the District of Columbia and the fee matrix approved by the bankruptcy court in an unrelated bankruptcy case to establish the reasonableness of his hourly rate.

On August 6, 2008, the bankruptcy court conducted a non-evidentiary hearing to determine the fee award. At the hearing,

---

5. As noted in footnote 1, BAPCPA amended § 362(h). The former § 362(h) now appears at 11 U.S.C. § 362(k).

Consejo's counsel indicated that he did not see the issue in terms of the number of hours Debtor's counsel spent in connection with the adversary proceeding, his hourly rate, or the sufficiency of his work. Rather, Consejo's counsel asserted that the bankruptcy court's approval of Debtor's counsel's services did not extend to prosecution of the adversary proceeding and that his fees should be allowed on a contingent fee basis. Arguing that there was no evidence of an agreement between the Debtor and her counsel, Consejo's counsel asserted that it "makes sense" that the Debtor would have hired her counsel on a contingency basis given her financial condition and the nature of the suit.

In contrast, Debtor's counsel maintained that resolution of the fee dispute involved only a matter of law because there had been no opposition to his application *per se*. He also noted that Consejo did not take issue with the amount of time he spent in prosecuting the complaint or his hourly rate.

At the conclusion of the hearing, the bankruptcy court recognized that there was a violation of § 362, that there is an important public policy regarding violations of the automatic stay, and that a fee-shifting analysis was required. The bankruptcy court also determined that Consejo had waived arguments about the scope of employment and the lack of contract because Consejo had not appealed from the order in which the bankruptcy court found

for the Debtor and indicated that it would award attorney's fees upon proper application.

The bankruptcy court explained that the only issue before it was whether, under the lodestar method, the *Johnson* method,[6] or any other method, the fees requested were reasonable. Noting that it was "not tied to any of these formulas," the court, without applying any of them, concluded that the amount requested was "extremely high" in light of the judgment of only $2,500.00, and ruled that Debtor's counsel was entitled to an attorney fees of $7,500.00, along with $1,245.97 in costs. Debtor's counsel timely appealed.[7]

**JURISDICTION**

A bankruptcy appellate panel may hear appeals from "final judgments, orders and decrees [pursuant to 28 U.S.C. § 158(a)(1)] or with leave of the court, from interlocutory orders and decrees [pursuant to 28 U.S.C. § 158(a)(3)]." *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998). "A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Id.* at 646 (citations omitted). An order granting an award of attorney's fees and costs is final where the court has determined the amount of fees and costs. *See Iannochino v. Rodolakis (In re Iannochino)*, 242 F.3d

---

**6.** The so-called *Johnson* factors, include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney(s) due to acceptance of the case; (5) the customary fee; (6) the nature of the fee (fixed or contingent); (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney(s); (10) the "unde-

sirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) the size of awards in similar cases. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 719 (5th Cir.1974).

**7.** Neither Consejo nor the Debtor appealed any aspects of the judgment other than the amount of attorney's fees awarded to Debtor's counsel on August 6, 2008.

36, 43–44 (1st Cir.2001) (holding that fee award that determines all compensation owed to attorney may be considered final depending on circumstances of case). Here, the Order is final because it contained a determination of the amount of fees and costs and concluded the adversary proceeding commenced by the Debtor. *See id.*

## STANDARD OF REVIEW

■ The Panel will disturb a fee award only for mistake of law or abuse of discretion. *United States v. One Star Class Sloop Sailboat Built in 1930 with Hull Number 271, Named "Flash II"*, 546 F.3d 26, 37 (1st Cir.2008); *Coutin v. Young & Rubicam Puerto Rico, Inc.*, 124 F.3d 331, 336 (1st Cir.1997). In reviewing fee awards, great deference is granted to the trial court judge, "whose intimate knowledge of the nuances of the underlying case uniquely positions him to construct a condign award." *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 292 (1st Cir.2001). Because the determination of a reasonable fee "necessarily involves a series of judgment calls," the trial court has "extremely broad" discretion in determining an award, and "an appellate court is far more likely to defer to the trial court in reviewing fee computations than in many other situations." *Lipsett v. Blanco*, 975 F.2d 934, 937 (1st Cir. 1992); *see also Bogan v. City of Boston*, 489 F.3d 417, 427 (1st Cir.2007). Abuse of discretion occurs when the trial court ignores a material factor deserving significant weight, relies upon an improper factor, or assesses all proper and no improper factors, but makes a serious mistake in weighing them. *Flash II*, 546 F.3d at 37.

8. *Flash II* involved the reasonableness of attorney's fees award to plaintiff's counsel un-

## DISCUSSION

### A. *The Legal Standard*

■ A debtor who prevails in an action predicated upon a willful violation of the automatic stay "shall recover actual damages, including costs and attorneys' fees." 11 U.S.C. § 362(h). Section 362(h) mandates an award of costs and attorney's fees to the prevailing party, and, as such, is a fee-shifting statute. *See Eskanos & Adler, P.C. v. Roman (In re Roman)*, 283 B.R. 1, 11 (9th Cir. BAP 2002).

■ According to the United States Court of Appeals for the First Circuit, when awarding attorney's fees pursuant to a fee-shifting statute that does not explicitly dictate a method for calculating fees, courts generally use the lodestar method to determine reasonable fees. *Flash II*, 546 F.3d at 37–38.[8] The lodestar method entails multiplying the number of hours productively spent by a reasonable hourly rate. *Id.* at 38. In determining the number of hours productively spent, courts should "eliminate time that was unreasonably, unnecessarily, or inefficiently devoted to the case." *Id.* Courts determine reasonable hourly rates based on the nature of the work, the locality where it was performed, the lawyer's qualifications, and other pertinent criteria. *Id.* (citing *Gay Officers Action League*, 247 F.3d at 295).

■ After calculating the lodestar amount, the court may adjust it, up or down, in light of other considerations, such as the results obtained. *Id.; Coutin*, 124 F.3d at 337 & n. 3. Indeed, the degree to which the prevailing party succeeds "is 'a crucial factor' in shaping a fee award." *Flash II*, 546 F.3d at 38 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 440, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). Success is

der the Civil Asset Forfeiture Reform Act of 2000, 28 U.S.C. § 2465(b)(1).

evaluated in terms of the number of successful claims, the relief actually achieved, and the societal importance of the vindicated right. *See id.; Coutin,* 124 F.3d at 338. Thus, courts may reduce the requested fees even where the prevailing party succeeds on most or all of the claims if the judgment amount is small. *See Flash II,* 546 F.3d at 39. The court need not follow a "rigid prescription" in making such a reduction; the court may either eliminate specific hours or reduce the overall fee award to an amount that reasonably reflects the prevailing party's limited success. *Id.* at 38, 39–40. The court of appeals has emphasized, however, that while a trial court may bear a small judgment amount in mind when determining a fee award, "[the small judgment] cannot amount to more than one element in the constellation of factors that the court considers when determining the quality of the results obtained." *Coutin,* 124 F.3d at 338.

██ Although trial courts may reduce fee awards, they may not do so for impermissible reasons. *See Flash II,* 546 F.3d at 42–43; *Coutin,* 124 F.3d at 341–42. In *Coutin,* the court of appeals determined that the district court abused its discretion in reducing a fee award based on the "chasmal gulf between the damages requested in the complaint and the damages awarded," 124 F.3d at 338 (footnote omitted), as well as the "shaky case" in which the plaintiff did not deserve to prevail on the merits. *Id.* at 341; *see also Flash II,* 546 F.3d at 42–43 (explaining that once court determined intervenor was entitled to relief, it should not have held "procrastination" against him for purposes of fee award and, thus, district court abused its discretion in reducing fee award).

██ In awarding attorney's fees under fee-shifting statutes, trial courts are advised to provide a "concise but clear" explanation of their calculation of the lodestar and any adjustments to the lodestar amount. *Torres–Rivera v. O'Neill–Cancel,* 524 F.3d 331, 337 (1st Cir.2008). Explanations of the calculation are "valuable," and courts should not routinely sidestep the requirement, *id.,* particularly when they substantially reduce a fee award. *Bogan,* 489 F.3d at 430. When a trial court has failed to provide an explanation, however, the reviewing court is sometimes able to infer the trial court's reasoning from the record. *See Torres–Rivera,* 524 F.3d at 337.

The court of appeals has endorsed the lodestar method for determining fee awards under fee-shifting statutes generally. In the stay violation context, the United States Bankruptcy Appellate Panel for the Ninth Circuit concluded that 11 U.S.C. § 330(a)(1)(A) should be utilized to determine fees for stay violations. It observed that because § 362(h) "provides little guidance regarding the applicable standards for awarding actual damages," most courts apply a reasonableness standard under 11 U.S.C. § 330(a)(1)(A). *In re Roman,* 283 B.R. at 11 (citing *United States v. Price,* 176 B.R. 807, 808 (N.D.Ill.1993)), *aff'd,* 42 F.3d 1068 (7th Cir.1994) ("The court rejects the government's argument that the claimed attorneys' fees were not actually incurred by the estate ... based on the debtors' failure to present a fee agreement that obligates the debtors to compensate their attorneys for the services rendered in connection with this matter. Under 11 U.S.C. § 330 ... debtor's counsel is entitled to apply to the court for reasonable compensation for actual, necessary services rendered. To the extent that services performed are compensable under § 330, attorneys' fees have been incurred by the estate and can be awarded pursuant to § 362(h)."); *Sucre v. MIC Leasing Corp. (In re Sucre),* 226 B.R. 340, 351

(Bankr.S.D.N.Y.1998) ("In determining the reasonableness of attorneys' fees under § 362(h), the Court will utilize the 'lodestar' method ordinarily used in determining the reasonableness of fees sought pursuant to § 330 of the Bankruptcy Code."); *In re Price,* 179 B.R. 70, 71 n. 2 (Bankr. S.D.Ohio 1995) ("[A] review of the caselaw reveals a long-standing practice of subjecting compensation in stay violation cases to the same § 330 criteria employed in all other instances; i.e., the time spent, the quality of the services rendered and their value, the result produced, the skill required, and the benefit conferred upon the debtor.");[9] *see also In re Spillane,* 884 F.2d 642 (1st Cir.1989) ("[t]he district court appropriately used the 'lodestar' analysis for determining the amount of compensation to be awarded in this case."). Thus, courts rely heavily, albeit not exclusively, on a lodestar analysis to consider reasonableness under § 330(a)(1).

The decisions set forth above are consistent with the Sixth Circuit's decision in *In re Boddy,* 950 F.2d 334 (6th Cir.1991), cited by Debtor's counsel. In *Boddy,* the Sixth Circuit, citing the Ninth Circuit decision in *Burgess v. Klenske (In re Manoa Fin. Co., Inc.),* 853 F.2d 687, 690 (9th Cir.1988), observed that " '[i]n determining

reasonable attorney's fees under § 330, many courts have adopted the formulae used to calculate fees under various federal fee-shifting statutes,' " i.e., the lodestar method. *Boddy,* 950 F.2d at 337.[10]

■ Section 330(a)(1) and the factors set forth in § 330(a)(3) require the court to consider "the nature, the extent, and the value of such services, taking into account all relevant factors." These factors include:

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and

(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).[11] Thus, in view of the authority cited, we hold that applica-

---

**9.** Notably, § 362(h) refers only to attorneys' fees and does not employ the adjective "reasonable."

**10.** The Third Circuit in *In re Busy Beaver Bldg. Ctrs., Inc.,* 19 F.3d 833 (3d Cir.1994), cautioned, however, that " § 330 by no means ossifies the lodestar approach as the point of departure in fee determinations." 19 F.3d at 856. It added:

We refer to it here because the product of an hourly rate by the number of hours worked to this day remains the overwhelmingly prevailing billing method within the market for most legal services. But with the rise of competitive pressures and the ceaseless evolution of the legal community, we may expect to witness law practitioners

adapt to the changed circumstances by developing alternative billing practices and methods. The strength of the market approach Congress embraced with § 330 is that these developments, including regional variations, will automatically percolate up through bankruptcy fee allotments. While § 330 is not an engine for implementing innovative billing strategies, it will readily accommodate alternative practices once comfortably established in the realm of comparable non-bankruptcy legal services. *Id.*

**11.** BAPCPA amended § 330(a)(3) to include another factor, namely "whether a professional person is board certified or otherwise has demonstrated skill and experience in the

tion of the lodestar formula is the critical first step to an assessment of attorney's fees under §§ 330 and 362(h) of the Bankruptcy Code.

### B. *Analysis*

■ Debtor's counsel, in seeking $26,680.00 in fees, sustained his burden with respect to the reasonableness of his hourly rate, and neither the appellee nor the bankruptcy court challenged the time he expended in litigating the stay violation. The bankruptcy court, nevertheless, reduced Debtor's counsel's fee by approximately two-thirds to $7,500.00 on the sole articulated ground that the amount requested was extremely high in view of the minimal damages which he had awarded to the Debtor for her emotional injuries. The bankruptcy court failed to determine the fee in accordance with the lodestar calculation applicable to fee-shifting statutes such as § 362(h), and he failed to consider the factors set forth in § 330(a)(3).

■ The bankruptcy court's determination that it was "not tied to any formula" was erroneous, and the decision to dramatically reduce the fee award was an abuse of discretion. In this context, discretion is not unfettered. Because there was no dispute that Debtor's counsel expended the time for which he sought compensation or that his hourly rate was reasonable, the bankruptcy court was obligated to provide a "concise but clear" explanation for the substantial reduction, giving deference to

the factors set forth in 11 U.S.C. § 330(a)(3) and (4)(A),[12] as to why a substantial reduction in fees was warranted, particularly because the court unequivocally rejected Consejo's arguments about the scope of Debtor's counsel's employment. *See Torres–Rivera*, 524 F.3d at 337. Because the bankruptcy court apparently relied on a single factor, namely the "chasmal gulf between the damages requested in the complaint and the damages awarded," it failed to consider "the constellation of factors" that comprise the lodestar approach to fee awards. *See Coutin*, 124 F.3d at 338.

### CONCLUSION

The Panel concludes that the bankruptcy court erred in its determination that it was not bound to utilize the lodestar method as the critical first step in its analysis, and, as a result, abused its discretion in reducing Debtor's counsel's fees based upon a single factor. The Panel **VACATES** the Order and **REMANDS** Debtor's counsel's fee application to the bankruptcy court for further consideration based upon the standard set forth in this decision.

---

bankruptcy field." 11 U.S.C. § 330(a)(3)(E). Because the Debtor's case was commenced before the enactment of BAPCPA, the bankruptcy court was not required to consider the qualifications of Debtor's counsel.

12. Section 330(a)(4)(A) provides:
Except as provided in subparagraph (B), the court shall not allow compensation for—

(i) unnecessary duplication of services; or
(ii) services that were not—
(I) reasonably likely to benefit the debtor's estate; or
(II) necessary to the administration of the case.
11 U.S.C. § 330(a)(4)(A).